1
2
3
4
5
6
7
8            IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11    SERGIO DIAZ, AA8053,              )
                                        )
12              Plaintiff(s),           )      No. C 11-3459 CRB (PR)
                                        )
13        v.                            )      ORDER OF SERVICE
                                        )
14    MATTHEW CATE, et al.,             )
                                        )
15              Defendant(s).           )
      _____)

16

17          Plaintiff, a prisoner at Pelican Bay State Prison (PBSP), has filed a pro se

18    First Amended Complaint (FAC) under 42 U.S.C. § 1983 alleging that various

19    PBSP officials violated his constitutional rights when they placed him on

20    contraband surveillance watch (CSW) for five days on February 12, 2010 and for

21    another five days on August 17, 2010.  Among other things, plaintiff alleges that

22    the CSW cell is unsanitary, the he had to eat and sleep on the floor, that he was

23    not allowed to shower or brush his teeth, that the plastic pipes placed on his

24    hands caused him not to be able to sleep for more than 30 minutes due to

25    discomfort and that he was kept on CSW after the suspected contraband item was

26    secured.  Plaintiff also names as defendants several California Department of

27    Corrections and Rehabilitation (CDCR), Del Norte County and Crescent City

28    officials.

**DISCUSSION**

A.      Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993).  The Amendment imposes duties on prison officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety.  See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

1    A prison official violates the Eighth Amendment when two requirements

2    are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and

3    (2) the prison official possesses a sufficiently culpable state of mind.  Farmer,

4    511 U.S. at 834.  In prison-conditions cases such as here, the necessary state of

5    mind is one of deliberate indifference.  See id. (inmate safety); Estelle v. Gamble,

6    429 U.S. 97, 104 (1976) (inmate health).  A prison official is deliberately

7    indifferent if he knows that a prisoner faces a substantial risk of serious harm and

8    disregards that risk by failing to take reasonable steps to abate it.  Farmer, 511

9    U.S. at 837.

10   Liberally construed, plaintiff's allegations that he was deprived of various

11   basic needs while on CSW state a cognizable § 1983 for violation of the Eighth

12   Amendment against the named PBSP officials – warden G. D. Lewis, chief

13   deputy warden D. W. Bradbury, associate warden K. L. McGuyer and

14   correctional captains J. A. Rollins and T. A. Wood – and the named CDCR

15   officials – Matthew Cate, Debbie Rives and Robert Ambroselli.  But the named

16   Del Norte County and Crescent City officials are dismissed because there is no

17   causal connection between them and the alleged wrongdoing.  See Starr v. Baca,

18   652 F.3d 1202, 1207 (9th Cir. 2011) (supervisor liability under § 1983 requires

19   personal involvement in constitutional deprivation or sufficient causal connection

20   between supervisor's wrongful conduct and constitutional deprivation).[1]

21

22   [1]Plaintiff's invocation of the Fourth and Fourteenth Amendments is
     without merit.  It is well established that the Fourth Amendment proscription
23   against unreasonable searches does not apply within the confines of the prison
     cell.  See Hudson v. Palmer, 468 U.S. 517, 525-26 (1984).  And the short
24   duration of plaintiff's deprivation – five days on CSW beginning on February 12,
     2010 and another five days beginning on August 17, 2010 – is simply too short to
25   amount to a liberty interest deprivation protected by the Fourteenth Amendment.
     See Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995) (no protected liberty
26   interest when inmate placed in disciplinary segregation for less than 30 days).

27

28                                                3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.     The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC in this matter, all attachments thereto, and copies of this order on the following defendants at CDCR – Matthew Cate, Debbie Rives and Robert Ambroselli – and the following defendants at PBSP – warden G. D. Lewis, chief deputy warden D. W. Bradbury, associate warden K. L. McGuyer and correctional captains J. A. Rollins and T. A. Wood.  All other named defendants are dismissed.  The clerk also shall serve a copy of this order on plaintiff.

2.     In order to expedite the resolution of this case, the court orders as follows:

a.     No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

b.     Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

---

Plaintiff's claim is limited to the Eighth Amendment proscription against cruel and unusual punishment.

1      c.  Plaintiff is advised that a motion for summary judgment

2 under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your

3 case.  Rule 56 tells you what you must do in order to oppose a motion for

4 summary judgment.  Generally, summary judgment must be granted when there

5 is no genuine issue of material fact – that is, if there is no real dispute about any

6 fact that would affect the result of your case, the party who asked for summary

7 judgment is entitled to judgment as a matter of law, which will end your case.

8 When a party you are suing makes a motion for summary judgment that is

9 properly supported by declarations (or other sworn testimony), you cannot simply

10 rely on what your complaint says.  Instead, you must set out specific facts in

11 declarations, depositions, answers to interrogatories, or authenticated documents,

12 as provided in Rule 56(e), that contradicts the facts shown in the defendant's

13 declarations and documents and show that there is a genuine issue of material

14 fact for trial.  If you do not submit your own evidence in opposition, summary

15 judgment, if appropriate, may be entered against you.  If summary judgment is

16 granted, your case will be dismissed and there will be no trial.  Rand v. Rowland,

17 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

18    Plaintiff is also advised that a motion to dismiss for failure to exhaust

19 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your

20 case, albeit without prejudice.  You must "develop a record" and present it in

21 your opposition in order to dispute any "factual record" presented by the

22 defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120

23 n.14 (9th Cir. 2003).

24      d.  Defendants must serve and file a reply to an opposition not

25 more than 14 days after the opposition is served and filed.

26      e.  The motion shall be deemed submitted as of the date the

27

28                  5

reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED:  June 1, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.11\Diaz, S.11-3459.serve.wpd

6